L. E. COOKE CORPORATION,
Appellant,

v.

Alpha HAYES, Appellee.

L. E. COOKE CORPORATION,
Appellant,

v.

Donald L. SHANNON and Linda
Shannon, Appellees.

L. E. COOKE CORPORATION,
Appellant,

v.

Luther GARTIN and Mary Gartin,
Appellees.

L. E. COOKE CORPORATION,
Appellant,

v.

Leroy PACK, Appellee.

L. E. COOKE CORPORATION,
Appellant,

v.

J. W. AKERS and Dorothy
Akers, Appellees.

Court of Appeals of Kentucky.

Feb. 4, 1977.

Discretionary Review Granted
May 17, 1977.

William S. Kendrick, Francis, Kazee & Francis, Prestonsburg, for appellant.

Dan Ball, Grover D. Adkins, Louisa, for appellee.

Before WHITE, WILHOIT and WIN-TERSHEIMER, JJ.

WHITE, Judge:

The five above captioned cases are consolidated for purposes of this appeal since all involve common questions of law arising out of common factual situations. Each of the five individual leases were entered into the 1973 with L. E. Cooke Corporation as lessee and each of the five respective appellees as lessors. The leases provided for payments of twenty-five (25) cents per ton for each and every ton of coal mined and removed with a minimum royalty of one dollar ($1.00) per acre per year. There is another pertinent portion of this lease dealing with termination which states: "This lease shall remain in full force and effect for one year and thereafter until notice is given by lessee of its intention to cancel said lease." No mining was ever done and consequently, no actual royalties were ever paid. When one year had elapsed and the appellant undertook to pay the minimum royalty, it was notified that the appellees considered the lease as terminated and they each, in turn, filed these actions to cancel said leases. Judgment was entered on the record as submitted and the leases were cancelled.

The trial court in its conclusions of law cited *Killebrew v. Murray*, 151 Ky. 345, 151 S.W. 662 (1912) as standing for the proposition that where a lease is terminable at the will of the lessee it is terminable at the will of the lessor. Appellees here insist that the trial court was correct in such holding.

When one closely reviews the Killebrew case, it is quite apparent that the heart of the holding is directed to the necessity for good, sufficient and valid consideration to have passed between the parties. Failure at that point is what made the lease there a unilateral agreement. Thus, when it was said that a lease which is terminable at the will of one of the parties is also terminable at the will of the other, it was enunciating a correct principle of law regarding unilateral agreements. This is sound, and it is still the law today. But, where consideration is good and sufficient (and one dollar per acre per year is) then rights relative to termination may be expressly contracted by either party without bringing such instrument under the unilateral rule. See *Cleveland Wrecking Co. v. Aetna Oil Co.*, 287 Ky. 542, 154 S.W.2d 31 (1941).

Here, we are confronted with instruments that are clear and definite. They are for a year, with annual renewals at the rate of one dollar per year per acre. There is nothing ambiguous about the lease; and, the appellees clearly have a remedy if they are so disposed to avail themselves of it.

In the case of *Cameron v. Lebow*, Ky., 338 S.W.2d 399 (1960), the law as applicable to situations such as those before us is quite adequately explicit. In the absence of contractual duty relative to commencing development, there is no obligation on the part of the lessee to commence the actual operations unless and until lessors have given sufficient notice demanding the same within a reasonable time thereafter; and, in addition thereto, the lessee fails to comply therewith, the lessor shall then have the right to seek an end to the contract. See also *Monarch Oil, Gas & Coal Co. v. Richardson*, 124 Ky. 602, 99 S.W. 668 (1907).

We have reviewed the letters sent by appellees to L. E. Cooke Corporation, and we do not feel that they in any wise comport with the definitions of notice as set forth in *Cameron v. Lebow, supra*, and for that reason the judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.

All concur.